THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANDARD PLATE GLASS AND SALVAGE COMPANY, INC., Appellant.

Third Department, January 5, 1916.

Corporations — annulment of charter — doing of insurance business in violation of statute.

Where a business corporation agrees to care for plate glass for a fixed term for a certain consideration, and in the event that the glass is broken agrees to replace the same, and further agrees to keep the glass puttied in the frame, its corporate existence may be annulled in an action by the Attorney-General, pursuant to section 131 of the General Corporation Law, upon the ground that said corporation is doing an insurance business contrary to the statute.

APPEAL by the defendant, Standard Plate Glass and Salvage Company, Inc., from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 14th day of June, 1915, over-ruling defendant's demurrer to the complaint and directing the entry of judgment absolute, and also from the judgment entered in said clerk's office on the same day pursuant to said order.

The defendant was organized and existing under and by virtue of the Business Corporations Law (Consol. Laws, chap. 4 [Laws of 1909, chap. 12], as amd.).

*Meyer Levy,* for the appellant.

*Egburt E. Woodbury, Attorney-General* [*Wilber W. Chambers, Deputy Attorney-General,* of counsel], for the respondent.

Judgment and order unanimously affirmed on the opinion of Mr. Justice RUDD at Special Term, with costs, with usual leave

to answer on payment of costs in this court and in the court below; COCHRANE, J., not sitting.

The following is the opinion delivered at Special Term:

RUDD, J.:

This action is brought asking for a judgment vacating the charter of the defendant and annulling its corporate existence, upon the ground and for the reason that the defendant company has exercised insurance powers and is doing an insurance business contrary to the statute.

The defendant interposed a demurrer to the complaint alleging a single ground, that the complaint fails to set forth facts sufficient to constitute a cause of action.

This action is brought under an order of the Special Term granting leave to the Attorney-General pursuant to section 131 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28).

The defendant is clearly doing, or attempting to do, an insurance business. Defendant's proposed contract provides for the care for a fixed term, for a certain consideration, of plate glass, and in the event that the glass is broken within the period of the running of the contract the defendant agrees to replace the broken glass.

A plate glass insurance policy issued by a company authorized to do plate glass insurance provides for the replacing of glass in the event of its being broken or for the payment of a given sum of money, either one or the other.

The fact that the defendant's contract provides, in addition to the replacing of a broken glass, to keep the glass puttied in the frame during the period of the contract is quite beside the mark. This provision of the contract is simply in the nature of an inspection, and is really for the protection of the company insuring the glass. Because the company agrees to inspect and to putty does not alter in any way the nature of the contract. No plate glass owner enters into one of these contracts, agreeing to pay a stipulated sum for the purpose of having his window glass puttied, he takes it for the purpose of insuring himself against loss by reason of the breakage of the glass.

It looks like an attempt to evade the provisions of the Insurance Law.*

The demurrer is overruled and the plaintiff may enter judgment absolute annulling the corporate existence of the defendant, with the costs to the plaintiff and against the defendant.

---

* See Consol. Laws, chap. 28 (Laws of 1909, chap. 33), § 70, subd. 6, as amd. by Laws of 1912, chap. 232; since amd. by Laws of 1913, chap. 304, and Laws of 1914, chap. 204.— [REP.