BERTALAN BARNA, Plaintiff, *v.* CLIFFORD COUNTRY ESTATES, INC., Defendant.

City Court of New York, New York County, May 5, 1932.

*Bokor & Epstein* [*Edwin M. Bokor* of counsel], for the plaintiff.
*Edgar I. Ahrweiler* [*Sylvan Deutsch* of counsel], for the defendant.

NOONAN, J.  This case was tried before the court without a jury. The action is brought to recover the sum of $2,597.75 paid by the plaintiff to the defendant under an agreement in writing between the parties dated April 27, 1925, and a modification of said agreement in writing dated September 20, 1927, on the ground that the said agreements are illegal and void since such agreements constitute contracts of insurance executed in New York State, and that the defendant was not authorized to transact the business of insurance within the State as required by section 9 of the Insurance Law (as amd. by Laws of 1927, chap. 164).

The agreements in question provide for the purchase by the plaintiff from the defendant of certain real property situated in Florida.  According to the agreements, installment payments were to be made by the plaintiff and the property was to be conveyed by the defendant upon the payment of the final installment. The agreements further provide that in the event of the death of the plaintiff during the term of the contract the defendant would convey the property, free from all incumbrances, to his executor or administrator and cancel any obligation under the said agreements.  This latter provision is expressed in the agreement dated April 27, 1925, in the following manner: " 7. Provided all of the payments of principal and interest due hereunder and taxes and assessments that may become due from time to time shall have been promptly made and paid by the Purchaser when due, as required herein, for a period of not less than five years — should the Purchaser die, then, upon due proof of death of the Purchaser hereunder, his executors or administrators shall be entitled to receive upon the full surrender  and cancellation and release of this contract and the transfer and delivery of every Certificate of Deposit issued to him for payments made hereunder, a full covenant and warranty deed conveying the fee simple title to the premises free from all incumbrances, excepting from such taxes and assessments herein agreed to be paid by the Purchaser."   A similar provision, in the form of a rider, is included in the agreement, dated September 20, 1927, and reads as follows: " Provided all of the payments due under the said contract and taxes and assessments that may become due from time to time shall have been promptly made and paid by you when due, as required therein, for a period of not less than three years from September 20th, 1927, should you die, then, upon due proof of your death, your executors or administrators shall be entitled to receive upon the full surrender and cancellation and release of this contract a full covenant and warranty deed conveying the fee simple title to the premises free from all incumbrances."

The answer of the defendant admits the allegations of the com-

plaint to the effect that the defendant was not authorized to transact the business of insurance within this State at the time of the execution of the agreements mentioned. Section 9 of the Insurance Law provides that no corporation or any individual as principal shall transact the business of insurance within the State without obtaining the certificate of the Superintendent of Insurance. Admittedly, the defendant did not obtain such a certificate. The purpose of the law is to regulate all persons seeking to engage in the transaction of insurance business for the reason that such business is concerned with the public welfare and vested with a public interest. (*Hauser* v. *North British & Mercantile Ins. Co.*, 152 App. Div. 91; affd., 206 N. Y. 455.) In *Reed* v. *Provident S. L. A. Soc'y* (190 N. Y. 111) the court defined a life insurance policy as follows (p. 118): "A life insurance policy is not a contract of indemnity; it is a contract to pay a sum of money upon the death of the assured, in consideration of certain payments being duly made at fixed periods during his life." The definition of a contract of insurance is not given in the statutes of this State. Such a definition is to be found, however, in section 3 of chapter 118 of the Revised Laws of Massachusetts, enacted November 21, 1901 (now G. L. of Mass. chap. 175, § 2). "A contract of insurance is an agreement by which one party, for a consideration promises to pay money or its equivalent, or to do an act valuable to the insured, upon the destruction, loss or injury of something in which the other party has an interest." (See *Attorney-General* v. *Osgood Co.*, 249 Mass. 473; *State* v. *Beardsley*, 88 Minn. 26.)

In the case at bar the insurance feature of the contracts made between the parties is clearly evident from the provision that a deed of the property was to be given to the executor or administrator of the plaintiff in the event of his death. The plaintiff was insured, therefore, to the extent that his estate was to receive the property after his death, although the property may have not been paid for under the contract at the time of his death. It thus appears that the defendant was obligated to convey a substantial interest to the purchaser in the event of his death prior to the expiration of said agreement, which undoubtedly embodies the purpose and function of a life insurance policy. That such a contract involves an insurance liability cannot be denied. (*People* v. *Standard Plate Glass & Salvage Co., Inc.*, 174 App. Div. 501; *State* v. *Beardsley*, supra; *Attorney-General* v. *Osgood Co.*, supra; *Missouri, K. & T. Trust Co.* v. *Krumseig*, 77 Fed. 32.)

This action is brought by the plaintiff to recover back the payments made by him on the ground that the contracts were illegal and void. During the trial, in connection with the proof of the

last agreement, dated September 20, 1927, a question arose as to whether a letter which was given by the defendant to the plaintiff, and which constituted the rider containing the insurance provision quoted above, was a part of the modified contract. The view was expressed at the time that such a letter was part of the contract and was the inducing cause of the modification. Apparently, as the evidence discloses, the plaintiff was unwilling to modify the contract unless he was assured that it contained a provision similar to the one which was originally made and which gave his estate the right to receive a deed to the property in the event of his death. No reason has been shown to change the view expressed at the trial. The letter in question was undoubtedly a part of the contract. It is true that the contract was under seal, but the letter was given at the same time that the second agreement was made, and it was manifestly the intention of the parties that it was to be considered as a part of the agreement.

The defendant contends that the plaintiff is *in pari delicto* with the defendant and, therefore, cannot recover. It is well settled, of course, that the courts will not enforce illegal contracts and will leave the parties to such contracts where they find them. (*Tracy* v. *Talmage*, 14 N. Y. 162.) The contract in question is not *malum in se*, but, at most, *malum prohibitum*. The plaintiff rescinded the contract while it was still executory. This is a circumstance to be weighed in considering the right of the plaintiff to the relief sought. (*Tracy* v. *Talmage, supra.*) It also appears that the plaintiff entered into the contract relying upon the belief that the defendant was in a position to perform it in a lawful manner. There is nothing to show that he could not rely on this presumption that the defendant had the authority to make the contract. For that reason the parties are not *in pari delicto*. This is pointed out in *Missouri, K. & T. Trust Co.* v. *Krumseig (supra)*. CALDWELL, J., there said (p. 42): " The parties in this case are not *in pari delicto*. The appellant is the party responsible for the contract. It must be conclusively presumed to know that it was doing an illegal act, and it induced the appellees to enter into the contract of insurance in ignorance of its illegality. The appellees had a right to presume that the appellant had qualified itself to do an insurance business in the state." The guilt of the plaintiff is less culpable than that of the defendant, and where such fact appears the courts will aid the injured party and restore him as far as possible to his original position. (*Pratt* v. *Short*, 79 N. Y. 437; *Duval* v. *Wellman*, 124 id. 156.)

In my opinion the plaintiff is entitled to recover back the sums of money paid by him pursuant to the contract. The motion to dismiss the complaint which was made at the close of the plaintiff's

case and upon which decision was reserved is denied, with an exception to the defendant. The motion to dismiss the complaint which was made at the close of the entire case and upon which decision was also reserved is denied, with an exception to the defendant.

Judgment is accordingly rendered in favor of the plaintiff against the defendant for the sum of $2,597.75. Ten days' stay and thirty days to make a case. Submit findings.