HARRY SALTZMAN, Plaintiff, *v.* FAIRBANK REALTY CORPORATION, Defendant.*

City Court of New York, New York County, May 31, 1932.

*Joseph Heller*, for the plaintiff.

*Underhill & Rubinger*, for the defendant.

SCHIMMEL, J.  This is a motion to dismiss for insufficiency the amended complaint which alleges, in substance, that the defendant transacted the business of insurance in this jurisdiction without having first obtained the necessary authority required by sections 9 and 54 of the Insurance Law.  Plaintiff seeks the return of moneys paid to the defendant under a contract for the purchase of land which provided, among other things, that, in case the purchaser died during the life of said agreement, the seller would, at its option, either return the consideration theretofore paid, or convey the property without further payments to purchaser's designee or estate.

The question for consideration is whether or not such an agreement constitutes a contract of insurance.  In arriving at its conclusion, the court must consider the contract in its entirety and give effect to all of its provisions in the light of the intention of the parties.  This contract provides for a warranty with respect to age and good health, a requirement for a physician's certificate, and proper proof of death, and also the right in the seller to withhold the benefits in the event of suicidal death.  These are the customary life insurance provisions which must have been incorporated into this contract with the deliberate and definite intention of impressing the purchaser with the insurable features thereof; otherwise one cannot resist the belief that the contract was cunningly conceived

* See, also, 143 Misc. 813.

to deceive the guileless and the gullible by its alluring and illusory benefits.

Criticism is not directed against the provision for the rescission of the contract and the return of the consideration paid in the event of death. A contract permitting its absolute or conditional rescission upon the death of one of the parties will not be construed as an insurance contract, as rescission in such case operates as a mutual surrender of respective beneficial interests. But a provision entitling the purchaser's designee or estate to a conveyance of a deed free of any further payments is an added benefit to the purchaser without correlative release of any vested interest; he might die after paying one installment, and his designee or estate would be entitled without more to a conveyance free of any liability for future payments. An indispensable element in a contract of insurance is the promise to pay money or its equivalent or to do an act valuable to the insured. The waiver of future installments is the equivalent of the payment of money, and the conveyance of property, although the full consideration be unpaid, is an act valuable to the insured.

" The mere fact that a contract made for a general purpose other than insurance may contain an incidental provision by which under certain contingencies an added benefit may accrue to one of the parties, will not be held to make it a contract of insurance, and subject to the statutory requirements for such contracts." (Vance Ins. [2d ed.] 61.) In this case, however, the insurance feature is more than incidental; it goes to the heart of the contract, and is, therefore, to be treated as an agreement of insurance. " But loan contracts, such as are frequently made by building and loan associations, whereby such portion of the loan as remains unpaid at the death of the borrowers is to be canceled, are usually held to be contracts of insurance; and the same rule has been applied to conditional sales on the installment plan where a similar provision is inserted in the contract." (Vance, *supra*, 62.)

In *Attorney-General* v. *Osgood Co.* (249 Mass. 473; 144 N. E. 371) an agreement for the conditional sale of chattels on the installment plan providing for the waiver of future installments upon the death of the purchaser was held to be a contract of insurance in violation of a statute like our own.

This court, in *James* v. *Sangor & Co.* (affirmed January, 1930, Appellate Term, C. C. No. 4), held that a contract comparable to the one involved herein was one of insurance.

The contract complained of is one of insurance, and habitually making such contracts violates sections 9 and 54 of the Insurance Law.

The motion to dismiss the complaint herein is denied, with ten dollars costs.