EQUITY SERVICE CORPORATION, Plaintiff, *v.* MILTON AGULL, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, May 10, 1935.

*Samuel Firestone*, for the plaintiff.
*Arthur Rosenzweig*, for the defendant.

WINTER, J.   In this action plaintiff is suing to recover the sum of $130 alleged to be due on a contract styled a " hazard agreement " by the terms of which plaintiff advanced to defendant through an assignor the sum of $200.   Contemporaneously and as a part of the transaction the defendant executed a bill of sale of his automobile conditioned on his paying the sum of $260 in installments with the usual reservations in the event of default, except that repossession and sale discharged any resultant deficiency, provided the mortgagor had not defaulted on the mortgage or the hazard agreement.   Plaintiff acquired the chattel mortgage with the " hazard agreement " by assignment from its assignor as a part of the advance of the $200.

On the trial of the action an amendment of the answer to include the defense of usury was granted.

To escape this defense, plaintiff relies on certain contingencies provided in the " hazard agreement " in the event of which defendant's liability to pay back the $200 and the $60 bonus is discharged. It contends that these contingencies constitute a hazard and a sufficient and good consideration for the payment of the $60 and removes this arrangement from the prohibition of the statute against more than six per cent interest.   The agreement provides as follows: " The mortgagee assumes the risk of loss of the sum advanced hereunder or any unpaid balance thereof in the event that the property is damaged or destroyed by fire, accident, collision, freezing, depreciation, or negligent use or maintenance of the property. *  *  *  In the event the mortgagor does not make payments in the amounts and on or before the dates stipulated in the mortgage the mortgagor unqualifiedly agrees and promises personally to deliver the said property or the remains to the mortgagee without notice or demand on or before the dates payments are scheduled in said mortgage and thus fully discharge said mortgage obligation."

The agreement then provides that " no other hazards except those stipulated above shall be deemed to be assumed by it, it being understood that all other hazards if any are assumed by the mortgagor."

To support this contention on the trial plaintiff offered to prove that this risk or hazard had a certain definite value as determined by insurance  underwriters.

An analysis of plaintiff's contract bears out its contention.   Under this arrangement plaintiff has advanced to defendant, the owner of an automobile, the sum of $200 repayable with $60 additional in installments.   For the consideration of this $60 bonus, upon the destruction, loss or injury of defendant's automobile, plaintiff has promised the equivalent of paying the defendant money, namely, to discharge defendant from his liability to plaintiff for the balance of the $260 due.   This is a substantial risk for the plaintiff to assume

and may well be worth to it the $60 alleged to be charged. On the other hand, for this payment defendant on its part receives a consideration of value to him. He has plaintiff's promise to compensate him for the loss of his automobile. It is also obvious that the plaintiff out of its collection of these premiums of $60 is accumulating a fund out of which it may underwrite these " hazards."

Plaintiff's contract comes clearly within the definition of a contract of insurance. That has been judicially defined to be " an agreement by which one party, for a consideration promises to pay money or its equivalent, or to do an act valuable to the insured, upon the destruction, loss or injury of something in which the other party has an interest." (*Barna* v. *Clifford Country Estates, Inc.*, 143 Misc. 813, 815; *Attorney General* v. *Osgood Co.*, 249 Mass. 473; 144 N. E. 371; *State* v. *Beardsley*, 88 Minn. 20; 92 N. W. 472; *Eames* v. *Home Ins. Co.*, 94 U. S. 621, 629; 24 L. Ed. 298.) Also a somewhat similar contract to the one at bar has been held to be one of insurance. (*People* v. *Standard Plate Glass & Salvage Co.*, 174 App. Div. 501.)

Plaintiff is obviously incorporated to conduct the business of loaning money to purchasers of automobiles on the installment plan, securing the repayment by chattel mortgages on the cars. This business is being conducted in the State of New York by means of the contract in suit. This contract is a perfectly obvious device to evade the Usury Law and exact more than six per cent for these loans by incorporating in it an additional consideration for the usury. This, however, brings plaintiff in conflict with sections 9 and 54 of the Insurance Law of the State of New York as it does not appear that plaintiff has been licensed to underwrite insurance contracts in this State.

Without passing on the question of usury, I am of the opinion that plaintiff's contracts are a clear violation of sections 9 and 54 of the Insurance Law and are *mala prohibita*. No action may be brought on them in this State. (*Barna* v. *Clifford Country Estates, Inc., supra.*)

It follows from this that the complaint should be dismissed.