(Upper court opinion):
"* * * The obligation of the association is to repair and replace, not to pay a fixed amount, or an amount covering or proportionate to the loss sustained; and the right of the member is fixed by the fact of membership * * *. The propriety of granting such a charter under the act of 1874 may well be doubted * * *; and this case is so near the border line that we have hesitated to affirm it, because it might encourage attempts to establish insurance companies which would not be subject to the wholesome provisions of the insurance laws. * * * We cannot, however, say that the learned judge * * * erred in entering judgment in this case for the defendant, and we can add nothing to his very able and thorough discussion of the subject.
"The judgment is affirmed."
In Beck v. Pennsylvania Railroad Co., 63 N.J. Law 232 (atp. 240); 43 Atl. Rep. 908 (Court of Errors and Appeals,1899), Chief Justice Magie said:
"One question remains to be considered and that is whether the contract which has been found to have been made between the parties is one prohibited by the provisions of our legislature on the subject of insurance. * * *
"* * * in my judgment such a contract is not one of insurance within the meaning of those laws.
"The purpose of the legislation appealed to is to regulate the business of insurance of various kinds by corporations who propose to do such business and who hold themselves out as ready to contract for insurance with any person who applies and agrees to the terms on which they offer to insure. If it be conceded that such business is a proper subject of legislative regulation, it is obvious that such regulations are not to be extended beyond the business intended to be regulated." *Page 548 
Mr. Justice Trenchard in State v. New Jersey Indemnity Co.,95 N.J. Law 308 (at p. 316); 113 Atl. Rep. 491, said:
"* * * the indemnity insurance was confined to a limited number in a particular line of business, and lacked the features of state-wide dealing with the general public contained in the case at bar. In the present case the defendant was appealing to the public generally in every line of business * * *."
The petitioner herein alleges that his business is by no means widespread in its extent, but that it is confined to the city limits of Bayonne and with his customers there who have glass store fronts, as expressed in schedule A of the petition.
The defendants cite the case of People v. Standard PlateGlass and Salvage Co., 174 App. Div. 501, to support their contention that the petitioner's service contract is one of insurance. The opinion in the Standard Plate Glass and SalvageCo. Case was never taken to the court of appeals. The decision is clearly in conflict with the case of Commonwealth ofPennsylvania v. Provident Bicycle Association, supra. TheStandard Plate Glass Case decision arises upon a demurrer to aquo warranto proceeding to vacate the charter of defendant to do his insurance business under a corporate charter. Its business was unlike the petitioner's business, and, from the nature of the proceedings, it would appear that the defendant corporation was formed for the purposes of abating the strict requirements of the Insurance act in New York. The Commonwealth of Pennsylvania v.Provident Bicycle Association, supra, was decided by the highest court of Pennsylvania. The facts in that case, as here, involved a "service contract." I am inclined to the reasoning and logic of the Pennsylvania case. The petitioner, under his contract, does not agree to pay money in case glass is broken or destroyed. It is not insurance, in my opinion, to accept a consideration for agreeing to tighten clamps and bars in store fronts so as to keep the plate glass in firm condition to prevent injury to it — it is an engagement to perform labor within a certain time. The agreement cannot be considered an accident policy in the sense that such a policy is universally regarded. The petitioner's agreement is one that contemplates *Page 549 
repairing and replacing; it makes no promise of financial return to the store owner.
A contract which for a consideration, undertakes to do anything other than to pay a sum of money upon the destruction or injury to something in which the other party has an interest is not a contract of insurance.
It must be borne in mind that the statute under consideration is a penal statute, and such statutes must be strictly construed.1 Bl. Com. *89.
My conclusions are that the petitioner is entitled to an order: (1) Enjoining the prosecution of criminal proceedings against him under section 88 of the Insurance act; (2) enjoining the institution of civil proceedings against him by the commissioner of banking and insurance; (3) for a judgment declaring the Insurance act, in its present form, in so far as the same prohibits individuals from carrying on the insurance business, is unconstitutional because of the omission in the title of the act to include individuals; and (4) for a judgment declaring that the petitioner's said "service contracts" are not contracts of insurance within the meaning of the provisions of the Insurance act.