OPINION OF THE COURT
Herman Cahn, J.
This is a declaratory judgment action. Plaintiff moves for , summary judgment declaring that the lease completion waiver (LCW) option which it wishes to offer to its leasing customers in New York State as an incident to its leasing of motor *754 vehicles, is not insurance within the meaning of Insurance Law § 1101.
The essential facts are not in dispute. Plaintiff is in the business of leasing vehicles under a standard leasing agreement. The normal lease is for a stated period of time and obligates the lessee to make monthly payments throughout the lease term. Around 1994, plaintiff sought to offer new customers, for a rate of 2½% to 3% of the monthly charge, an LCW option. Pursuant to the option, plaintiff would waive all further monthly lease payments in the event the lessee dies or becomes disabled during the term of the lease. The lessee would have the opportunity to select such option by completing the LCW application. Whether or not to select the option is the choice of the lessee.
Prior to offering the LCW option to its customers, plaintiff presented its proposal to defendant Superintendent of Insurance to obtain an opinion as to whether offering such an option would be violative of the Insurance Law.
By letter the Superintendent responded to plaintiff’s inquiry stating that: "It has long been the consistent position of this Department that a debt cancellation contract, under which the debt cancellation is dependent upon the happening of a fortuitous event, constitutes the doing of an insurance business in this state. See, for example Barna v. Clifford County Estates, Inc., 143 Misc 813, 258 N.Y.S. 671 (1932). In your proposal, the triggering events for the debt cancellation includes such events that are fortuitous, such as the death of the lessee. Recent legislation, adding new paragraph (3) to Section 1101(b), has created a limited exception for 'gap waivers’, but your inquiry does not come within the parameters of that exception. Accordingly, your proposal would violate the Insurance Law.”
RELEVANT STATUTES
Insurance Law § 1101 (a) defines the term "insurance contract” as: "(1) * * * any agreement or other transaction whereby one party, the 'insurer’, is obligated to confer benefit of pecuniary value upon another party, the 'insured’ or 'beneficiary’, dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be adversely affected by the happening of such event.”
The term "fortuitous event” is defined as: "(2) * * * any occurrence or failure to occur which is, or is assumed by the parties to be, to a substantial extent beyond the control of either party” (Insurance Law § 1101 [a]).
*755 Insurance Law § 1101 (b) (1) provides, among other things, that the following acts constitute doing an insurance business:
"(A) making, or proposing to make, as insurer, any insurance contract * * *
"(E) doing or proposing to do any business in substance equivalent to any of the foregoing in a manner designed to evade the provisions of this chapter.”
Insurance Law § 1101 (b) (3), the 1994 "gap waiver” provision, provides:
"(3) Notwithstanding the foregoing, the making of an agreement pursuant to which a lessor of personal property * * * waives the obligation of the lessee or debtor for the gap amount, as such term is defined in paragraph fifty-two of subsection (a) of section one hundred seven of this chapter, shall not constitute, or be deemed to constitute, the doing of an insurance business if:
"(i) the lessor * * * waives any and all obligations of the lessee * * * for the gap amount and the lessee * * * is discharged from any and all further obligation to pay the gap amount;
"(ii) the waiver applies only in the event of a total loss of the personal property occasioned by its theft or physical damage”.
Insurance Law § 107 (a) (52) (A) (i), as relevant, defines "gap amount” as "the amount which would have been owed by the lessee had the lessor not waived such obligations”.
Finally, Insurance Law § 1102 provides that, unless exempted, no one shall do an insurance business in this State unless authorized by a valid license issued under the Insurance Law.
DISCUSSION
The Superintendent is vested with broad authority to interpret and implement the various provisions of the Insurance Law (see, e.g., Matter of American Tr. Ins. Co. v Corcoran, 65 NY2d 828 [1985]; Matter of Allstate Life Ins. Co. v Superintendent of Ins. of State of N. Y., 64 NY2d 962 [1985]; Matter of Bowley Assocs. v State of N. Y. Ins. Dept., 63 NY2d 982 [1984]). The Superintendent’s interpretation and application of the provisions of the Insurance Law should be upheld unless irrational or unreasonable (Ostrer v Schenck, 41 NY2d 782 [1977]).
Here, the Superintendent reasons that the LOW benefit to be conferred on the lessee, the lessee’s estate, or nearest relative is dependent upon the happening of a fortuitous event not re *756 lated to the vehicle that is the subject of the lease agreement. Since any benefit conferred would be dependent upon the fortuitous circumstances of the lessee’s death or injury, plaintiff is in essence offering insurance. According to defendant, the only distinction between the LCW and what is commonly offered by insurers as life insurance or accident and health insurance is that the LCW benefit involves a waiver of an existing obligation (i.e., payment of the balance of the leasing fee) where insurers more commonly obligate themselves to pay sums or to provide services.
Moreover, the Superintendent contends that the fact that the LCW does not fall within any of the Insurance Law § 1101 (b) (3) waiver exceptions to "insurance” recognized by the Legislature is telling as to the Legislature’s intent that the LCW be considered insurance.
In support of its motion, plaintiff chiefly relies on two cases in which waiver options were found not to be insurance: Kramer v Avis Car Leasing (Sup Ct, NY County, Evans, J., affd 100 AD2d 987 [1st Dept 1984], lv denied 63 NY2d 605 [1984]) and Hertz Corp. v Corcoran (137 Misc 2d 403 [Sup Ct, NY County 1987]). Both Kramer and Hertz involve collision damage waivers (CDW) offered by car rental agencies to their customers in New York for a fee over and above that which is paid as rental for vehicles, thereby shifting the risk of collision damage to the rented vehicle from the renter entirely to the car rental agency. In finding that CDW did not constitute insurance under Insurance Law § 1101 (a) (1), both courts found that the waiver was merely "incidental” to the rental of the vehicles, representing nothing more than a shifting of risk at the time the CDW was signed.
In the instant case, the LCW does not involve a simple allocation of risk, nor is the basis for the risk identical. In those cases, the risk was the subject of the rental agreement, i.e., damage to the vehicle, while here the risk is centered around any change in circumstances of the lessee unrelated to the leased vehicle. For example, the proposed LCW provides that in the event of a disability the monthly payments shall be waived only so long as the lessee continues to be disabled; that in the event of a waiver claim, the lessee agrees to undergo an examination by a physician of lessor’s choice at lessor’s cost; that the lessor may conduct its own investigation of any disability under which a waiver claim is made; and that no waiver shall be provided if death or disability is caused by or results from a preexisting illness. These conditions, along with others *757 contained therein, clearly distinguish this case from Kramer (supra) and Hertz (supra).
The LCW option at issue here does not fall within any of the exceptions of section 1101 (b) (3) of the Insurance Law.
The Superintendent’s interpretation is neither unreasonable nor irrational and should be given due deference.
CONCLUSION
As the only issue is one of statutory interpretation, and there is no question of fact or factual interpretation, the court sua sponte grants defendant declaratory judgment that the LCW option proposed by plaintiff would constitute the doing of an insurance business, as defined by the statute.
It is ordered that the clerk is directed to enter judgment dismissing the complaint.