OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiff moves for summary judgment striking the denials in defendant’s answer and dismissing the first of four counterclaims; and defendant cross-moves for summary judgment on its first counterclaim and dismissing the complaint (CPLR 3212, 3211 [a] [7]).
*404 This is an action for a declaratory judgment. As the only issue is one of statutory interpretation, and there is no question of fact or factual interpretation, summary judgment is therefore appropriate as only questions of law are involved.
The issue is whether the collision damage waiver (CDW) offered by plaintiff car rental agency to its customers in New York for a fee over and above that which they pay as rental for vehicles is "insurance” within the meaning of Insurance Law § 1101 (a) (1), thereby requiring plaintiff to be licensed by the New York State Department of Insurance.
Based upon this court’s construction of Insurance Law § 1101 (a) (1) as well as the application of the doctrine of stare decisis, I hold that this CDW does not constitute insurance.
Under Hertz’ usual rental agreement, Hertz bears the risk of any loss of or damage to a rented vehicle due to causes other than collision or roll over (e.g., fire, vandalism, theft and storms), irrespective of the presence or absence of neglect by the renter. The renter, however, is liable to Hertz for any damage to the rental vehicle caused by collision or roll over, irrespective of fault. At the time the customer signs the rental agreement, he or she is given the option of electing or declining to obtain the renter’s waiver of the right to look to the customer for collision damage by checking an appropriate box on the form. If the customer elects to accept the CDW, there is an additional charge. The effect of accepting CDW is to shift the risk of collision damage eo instante from the customer to Hertz.
Insurance Law § 1101 (a) defines the term "insurance contract” as including, "any agreement or other transaction whereby one party, the 'insurer’, is obligated to confer benefit of pecuniary value upon another party, the 'insured’ or 'beneficiary’, dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be adversely affected by the happening of such event.” (Emphasis added.)
Insurance Law is founded upon the concept of indemnification whereby the insured is compensated for the actual property loss sustained by him as a result of the perils insured against (McAnarney v Newark Fire Ins. Co., 247 NY 176, 184 [1928]; Naiman v Niagara Fire Ins. Co., 285 App Div 706, 708; 29 NY Jur, Insurance, § 5, at 28).
A waiver is "the voluntary abandonment or relinquishment *405 of a known right” (Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 446), here the lessor’s right to look to the renter for indemnification for collision damage. At common law, a bailee-renter is liable to the bailor for all damage to the bailed property unless the damage was not caused by the bailee’s own fault (Klar v H. & M. Parcel Room, 270 App Div 538, 541, affd 296 NY 1044). Under the contract, absent the collision damage waiver, the renter, as set forth above, is responsible for such damage irrespective of fault. Thus, the effect of the renter’s acceptance of the CDW is to shift the risk of any loss for damage to the rented vehicle due to a collision entirely to the lessor. To interpret the word "waiver” — a passive declination to enforce a right — to mean "indemnify,” which, in this context means to stand between another claimant and the renter, as the defendant would have this court do, is to misconstrue the plain meaning of language (see, Atlantic Natl. Ins. Co. v Armstrong, 65 Cal 2d 100, 112, 416 P2d 801) and ignore the ordinary and accepted meaning of words (McKinney’s Cons Laws of NY, Book 1, Statutes § 94).
Ordinarily, collision damage insurance is provided by a carrier to an insured to indemnify the insured against loss sustained by him, the insured. The insured must have an insurable interest in the property (Insurance Law § 3401) which clearly the daily renter doesn’t have. Of course, one without an insurable interest may contract to provide insurance for the benefit of one who does have an insurable interest, presumably what the Superintendent is arguing here. But such a concept applied to these facts is irrational for it requires us to say that Hertz, for a fee paid by the customer, is indemnifying Hertz from damage to Hertz’ property. But one cannot indemnify himself — he merely accepts his own loss —and an agreement whereby Hertz accepts its own loss is not an agreement of indemnification and therefore is not a contract of insurance.
While it is conceivable that Hertz could procure collision damage insurance and resell it to its customers and thereby be involved in an activity subject to regulation by the Superintendent (Ollendorff Watch Co. v Pink, 279 NY 32, 36-37), no such allegation, much less evidence, is offered concerning the collision damage waiver.
Defendant’s legal position is premised upon an opinion by the Attorney-General of the State of New York dated December 31, 1986, which was requested by and given to the Superintendent without any opportunity by any car rental company *406 to be heard. In that opinion, the Attorney-General reversed his predecessor’s 1977 opinion and concluded that the CDW clause found in automobile rental agreements is insurance for purposes of section 1101 of the Insurance Law.
As a general rule, an administrative agency’s interpretation of a statute which it is responsible for administering is entitled to great weight (Matter of Howard v Wyman, 28 NY2d 434, 438). However, the Attorney-General is not the agency administering the regulatory portions of the Insurance Law (although his opinions are entitled to respectful consideration) and to the extent the interpretation is the agency’s, the agency may not, under the guise of administering the statute, ascribe unreasonable meaning to its terms (Matter of Rosenbluth v Finklestein, 300 NY 402, 405), and a court need not defer to an unreasonable interpretation (Langer Roofing & Sheet Metal v Secretary of Labor, 524 F2d 1337, 1339). Where, as here, the question is one of statutory reading and analysis, dependent only on accurate apprehension of legislative intent as set forth in unambiguous language, there is little reason to rely on any special competence or expertise of the administrative agency; and its interpretation of the statute is, therefore, to be accorded less weight. Of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459).
Here, there is no reason to adopt the Superintendent’s present interpretation of the Insurance Law because, as stated, this interpretation is of recent vintage and represents a complete about-face from a prior position accepted by him (see, United Transp. Union v Lewis, 711 F2d 233, 242; Frank Diehl Farms v Secretary of Labor, 696 F2d 1325, 1330).
It appears that defendant requested that the Attorney-General reconsider his 1977 opinion in response to a decision made by Mr. Justice Martin Evans in Kramer v Avis Car Leasing (index No. 23344/82, Sup Ct, NY County). In Kramer, which involved the identical issue presented in this case, Mr. Justice Evans, on April 11, 1983, ruled that, "Since the waiver by the lessor of its rights to collect damages is merely incidental to the main contract, which is the rental of the car, and represents an entirely legal apportionment or shifting of that one risk to one of the parties to the rental agreement from the other, for a consideration, it is clearly not insurance. The risk *407 is shifted eo instante. There is an immediate allocation between the only parties to the contract, and the waiver by the lessor does not insure against a future risk.”
The decision by Mr. Justice Evans in the Kramer case (supra) was affirmed, without opinion by the Appellate Division, First Department (100 AD2d 987), and the Court of Appeals denied leave to appeal (63 NY2d 605).
Defendant attempts to distinguish the Kramer case from this case based upon the fact that underlying Kramer (supra) were 1982 statistics where the typical cost of the CDW was $5.50 per day, 9% of the average daily rental rate; whereas in 1983 (the year used by the Attorney-General in his 1986 opinion), these figures had risen to $8 and 13%, respectively. This is difference without legal distinction. It may be reason for the Legislature to consider regulating this activity, but it does not expand the authority of the Superintendent.
Once an appellate court has laid down a principle of law as applicable to a certain state of facts, stare decisis requires nisi prius to adhere to that principle and apply it to all future cases if the facts are substantially the same (Albini v Stanco, 61 Misc 2d 813, 823, affd 32 AD2d 1042). This court is constrained by application of that principle to follow the rule laid down in Kramer (supra) in view of its affirmance by the Appellate Division, First Department. But irrespective of constraint, this court is in accord.
Accordingly, the plaintiff’s motion for summary judgment on its action for a declaratory judgment is granted and the judgment shall declare that plaintiff’s collision damage waiver does not constitute a contract of insurance. In view of this holding, defendant’s first counterclaim, which seeks statutory penalties for plaintiff’s alleged conduct of business of insurance without a license, based upon its offer and sale of collision damage waiver to customers in New York, is dismissed. Defendant’s cross motion for summary judgment is denied. Defendant’s second, third and fourth counterclaims, which are not the subject of this motion, are severed. Plaintiff shall serve a reply to defendant’s remaining counterclaims within 20 days after service of a copy of the judgment order with notice of entry (CPLR 3012 [a]).