AVIS RENT A CAR SYSTEM, INC., et al., Plaintiffs, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, Defendant.

HERTZ CORPORATION, Plaintiff, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, Defendant.

Supreme Court, New York County, February 27, 1989

## APPEARANCES OF COUNSEL

*Proskauer, Rose, Goetz & Mendelsohn (Morton Maneker* of counsel), for Avis Rent A Car System, Inc., and others, plaintiffs. *Kaye, Scholer, Fierman, Hays & Handler (Peter Fischbein* of counsel), for Hertz Corporation, plaintiff. *Robert Abrams, Attorney-General (John Corwin* of counsel), for defendant.

## OPINION OF THE COURT

HAROLD TOMPKINS, J.

Automobile rental companies provide a means for their customers to obtain liability and theft insurance, medical and death insurance as an option when they rent a car. This case[1] raises the issue of whether this constitutes the conduct of an insurance business in the State of New York.[2] The Superintendent of Insurance of the State of New York contends that their conduct constitutes doing insurance since the automobile rental companies are not licensed to sell insurance, act as insurance agents or brokers. The failure to be licensed when acting as insurance agent violates Insurance Law § 2102. The conduct of an unlicensed insurance business is in violation of Insurance Law § 1102. In addition to a monetary fine, the Superintendent of Insurance seeks to enjoin the plaintiff car rental companies from continuing to offer the insurance options until and unless they are licensed and their ticket agents are licensed to sell insurance.

The court's independent research has not discovered any officially reported decisions in New York or any other State that hold that the car rental companies' actions constitute the conduct of doing insurance.

### COVERAGE OFFERED

Three separate types of coverage are offered in New York State to customers of the car rental companies. Personal effects coverage is offered to customers of Budget Rent A Car and Hertz Car Rental. The personal property of customers is insured against loss or damage due to theft, accident or other fortuitous events. The brochures annexed to the papers state that the individual "can insure his (or her) personal property when you rent a car."

It continues to describe the coverage obtained with the applicable deductible. It also sets forth exclusions from cover-

---

1. The court has read the motion for summary judgment by Avis Car Rental, Budget Rent A Car and National Car Rental together with motion for summary judgment by Hertz Car Rental in the companion action, as well as the Superintendent's cross motions to amend. These actions raise analytically similar issues of law and the court feels it appropriate to consider these companion actions together.

2. The complaint and the counterclaim involving the collision damage waiver offered by the car rental companies was determined by the court's decision of September 22, 1987 (*Hertz Corp. v Corcoran*, 137 Misc 2d 403 [Sup Ct, NY County, Stecher, J.]).

age. The names Budget Rent A Car and Hertz Car Rental are printed in large bold letters. The brochures also note that the issuer of the personal effects coverage policy is Angelina Casualty for Budget Rent A Car and Hertz Car Rental.

Under the actual personal effects policy the rental car company is the named insured. The customers are eligible to become additional insureds on the policy.

Personal accident insurance is offered to customers of Avis Car Rental, Budget Rent A Car, National Car Rental and Hertz Car Rental. This provides death benefits and medical benefits occurring as a result of an accident to the renter and any passengers. The annexed brochures prominently display the name of the automobile rental company and describes the "insurance afforded". Policy exclusions and limits of coverage are detailed in the brochure. In each case the automobile rental company is the named insured on a purported group insurance policy. Hertz Car Rental was the policyholder on a policy issued by Massachusetts Indemnity and Life Insurance Company (MILICO) until January 1, 1988[3] and is now the policyholder on a policy issued by Angelina Casualty Insurance Company. Avis Car Rental is the policyholder on a policy issued by MILICO. Budget Rent A Car is the named insured on a policy issued by MILICO. Similarly, National Car Rental is the named insured on a policy issued by Old Republic Insurance Company. In a manner similar to the personal effects coverage, a customer of any of the rental car companies may become an additional insured on the group policy for personal accident insurance.

Liability insurance supplement is offered to customers of Hertz Car Rental and Avis Car Rental.[4] Liability insurance supplement is additional liability insurance over the amount provided in the car rental contract. Both Hertz Car Rental and Avis Car Rental are named insureds on policies which provide that their customers may elect to become additional insureds on the group policy.

The customer that elects to seek coverage of his or her selection checks the appropriate boxes on the rental agree-

---

3. The Superintendent's application to amend its counterclaims against Hertz is based upon the change from MILICO, an unlicensed insurer, to Angelina, a licensed insurer.

4. The Superintendent seeks leave to amend to add a fifth counterclaim against Avis for the sale of liability insurance supplement as an insurance agent or broker without a license.

ments. If the customer fills in the acceptance box, he or she is enrolled onto the group policy and is given the brochure that synopsizes the coverage under the main policy. The customer is billed the applicable fee for the options selected.

ANALYSIS

The car rental companies contend that they are not acting as either insurance agents or brokers and are not conducting the business of insurance. The underlying policies are issued from insurance carriers to the companies directly. Each car rental company is a named insured and policyholder on a group policy. They contend that the issuing insurers are engaging in the sale of insurance and conduct of an insurance business. Customers who wish to obtain the personal effects coverage, the personal accident insurance or liability insurance supplement are added on to a group insurance policy as additional insureds. The car rental companies further claim that they are acting on their own behalf and on behalf of their customers, the insureds. They assert that since they are acting on behalf of their customers, they cannot be considered insurance agents or brokers and are not engaged in the business or sale of insurance. Additionally, they raise the claim that the personal accident insurance is a form of group accident and health insurance and is permissible under Insurance Law § 4237 and 11 NYCRR 52.70 (d).

Finally, the car rental companies note that the practice of offering the variety of insurance options to their customer has been tacitly permitted by the Superintendent of Insurance. The Superintendent was notified of their intention regarding insurance coverage of rental car customers in 1976 and failed to respond. They raise the issue of an improper retaliatory enforcement. This is based upon the Superintendent's failure to take any enforcement action until the Superintendent's attempt to prohibit collision damage waiver clauses was held invalid and these clauses were upheld.

The Superintendent responds that the car rental companies' actions, including the provision of information to customers and the acceptance of compensation, are in contrast to their claims that they are merely the policyholders of group insurance. The companies are alleged to conduct an insurance business in a manner designed to evade the licensing and regulatory supervision of the insurance industry. He further asserts that the policies are not true group policies since all or

substantially all customers are not covered. Rather, coverage is limited to those who elect to pay the applicable fee. The car rental companies are said to be adding their customers onto a group policy that they purchase by the car rental companies without any insurable interest except that of obtaining the fees for permitting customers to become additionally insured. The Superintendent states this constitutes a major potential loophole to regulation of the insurance industry. He asserts that any company can seek to circumvent the regulatory restrictions of the insurance business by purchasing a master group policy that permits its customers to become additional insureds on the group policy.

Finally, the Superintendent denies any retaliatory motive in bringing these claims and asserts that the prior failure to institute proceeding does not connote acceptance of the car rental companies' practices.

The court notes that the affidavits submitted by each car rental company state that they do not sell insurance and refer the court to the group insurance policies on which they are the named insured. None of the affidavits of the car rental companies addresses the activities of their employees. The court is not told whether customers are solicited to purchase coverage, whether the customers are advised of exclusions from coverage or indeed any of the circumstances under which the customers are informed of the insurance options. The car rental companies have also failed to advise the court of their employees' qualifications to offer this advice.

The brochures indicate that payments are made directly to the car rental companies. The car rental companies are profit-making private enterprises. They are presumably offering these services to their customers because they make a profit on the transactions. They also may seek to offer these options to attract business from competitors. The court feels that these factors are entitled to be considered in determining whether the car rental companies are conducting an insurance business.

The brochures submitted indicate to the potential customer that an insurance product is being offered. The court declines to hold the Superintendent's attempt to guarantee that these insurance products are being offered by knowledgeable, licensed individuals invalid as a matter of law. On this application for summary relief the court is bound to look to the underlying reality of the transaction as well as the transac-

tion's form. The action of the car rental companies' employees may, depending upon the facts proven, constitute aiding in the sale of insurance, soliciting the sale of insurance, acting as an unlicensed insurance agent or broker. *People ex rel. Kirkman v Van Amringe* (266 NY 277 [1935]) does not provide an immunity for any activity undertaken by the policyholder of a group insurance policy. The activities of union officials on behalf of their members may be found to be different than the activities of an automobile rental company to customers who pay for an additional service *(see, State of New York v Blue Crest Plans,* 72 AD2d 713 [1st Dept 1979]). The actual or fictitious nature of the group policies cannot be determined at this stage. The car rental companies are not therefore entitled to a dismissal under 11 NYCRR 52.70 (d).

The claim that the Superintendent's actions are retaliatory has not been supported. The court cannot find the Superintendent's failure to respond to Hertz' and Avis' request in 1976 to be either a waiver *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662 [1976]) or an acquiescence.

Looking to the substance of the transactions, the car rental companies have not met their burden of proving that their actions do not constitute either the business of insurance or acting as an insurance agent or broker. The motions for summary judgment are denied and the cross motions for leave to amend are granted.