THEODORE CHABRAJA *et al.*, Indiv. and on behalf of all other consumers similarly situated, Plaintiffs-Appellants and Plaintiffs-Appellees, v. AVIS RENT A CAR SYSTEM, INC., Defendant-Appellee and Defendant-Appellant.

First District (6th Division)   Nos. 1—88—2965, 1—89—0531 cons.

Opinion filed December 29, 1989.

Clinton A. Krislov, Fay Clayton, of Kahn, Robinson, Curley & Clayton, and Paul Strauss, of Davis, Barnhill & Galland, all of Chicago, for appellants.

John B. Simon, Patricia Lee Refo, and Christopher D. Liguori, of Jenner & Block, and Robert J. Rubin and Jodi L. Kornfeld, both of Altheimer & Gray, both of Chicago, for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff Theodore Chabraja (Chabraja) brought a class action suit on behalf of persons in Illinois against defendant, Avis Rent A Car System, Inc. (Avis), asserting common-law fraud and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) and the Illinois Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 311 *et seq.*). Chabraja contended that Avis committed these acts by offering to persons renting cars from Avis, including himself, a "Collision Damage Waiver" (CDW) at additional expense, without revealing to the renters that the CDW for rental cars was often included under other coverage the renter might have, and therefore, according to Chabraja, was worthless. Chabraja also contends that the statement on the rental policy that "CDW IS NOT INSURANCE" was incorrect.

Chabraja later moved for permission to file an amended com-

plaint, to clarify the allegations of the original complaint, and add plaintiff Edward T. Custard to bring the suit into a nationwide pool of such suits. The motion was granted.

Avis filed a motion to dismiss under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), arguing that plaintiffs have no valid claim and, therefore, could not represent the class.

After a hearing on Avis' motion, the trial court held that the statement "CDW IS NOT INSURANCE" was not a misrepresentation because CDW was a waiver and therefore the printed language was a true statement. The court also found no facts to support plaintiffs' contention that Avis had a duty to inform them of the possibility of coverage under other insurance policies they already possessed. The court granted Avis' motion to dismiss.

Avis then moved under section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) for an award of sanctions against plaintiffs' counsel on the ground that the complaint was neither well grounded in fact or existing law, nor a good-faith argument for change in existing law. The trial court denied this motion.

Plaintiffs appeal from the trial court's dismissal of their claim against Avis, and Avis appeals the trial court's denial of its motion for sanctions against plaintiffs' counsel. The issues presented in this appeal are whether the CDW contained in the car rental agreement was insurance; whether Avis breached a duty to its customers by not informing them that the CDW might be duplicative of coverage they might already have; and whether the plaintiffs should have been sanctioned under section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) because the trial court dismissed their complaint.

### I. PLAINTIFFS' ARGUMENT AGAINST AVIS

Plaintiffs argue that Avis committed common-law fraud and violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act by offering CDWs to persons renting cars from it without informing them that their own insurance or other coverage might contain such protection and by stating that a CDW was not insurance.

■ The elements of fraud at common law are that the accused party made false representation of a material fact either knowing or believing it to be false or with reckless disregard for the truth of it, that the misrepresentation was made for the purpose of inducing the plaintiff to act and that the plaintiff reasonably believed the misrepre-

sentation and relied upon it to his detriment. *Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 249, 483 N.E.2d 1263, 1266; *Buechin v. Ogden Chrysler-Plymouth, Inc.* (1987), 159 Ill. App. 3d 237, 247, 511 N.E.2d 1330, 1335-36.

Plaintiffs contend that Avis misrepresented the nature of the CDW by indicating that it was not insurance. We agree with the trial court that this is not a misrepresentation, but a true statement of fact because the car rental agreement clearly stated that the CDW was a waiver.

■■■ Renting a car creates a bailment between the leasing company (bailor) and the customer (bailee). (*Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272, 277, 274 N.E.2d 178, 181-82.) Generally, a bailee is responsible for any injury to the bailed property. (*Mueller v. Soffer* (1987), 160 Ill. App. 3d 699, 704, 513 N.E.2d 1198, 1201.) Thus, the customer would be responsible for damage to the rented vehicle. *Hertz Corp. v. Corcoran* (1987), 137 Misc. 2d 403, 405, 520 N.Y.S.2d 700, 701.

However, when the customer (bailee) selects the CDW, responsibility for damage to the car returns to the leasing company (bailor). This is a change in the contract of bailment. The parties to a contract may agree to any terms they choose as long as the agreement is not contrary to public policy.

Similar results have been reached in other jurisdictions. (*People v. Dollar Rent-A-Car Systems* (1989), 211 Cal. App. 3d 119, 131, 259 Cal. Rptr. 191, 197 (statements in the car rental agreement that the CDW was insurance were found misleading or deceptive, and in violation of insurance statutes); *Truta v. Avis Rent A Car System, Inc.* (1987), 193 Cal. App. 3d 802, 815-16, 238 Cal. Rptr. 806, 813-14 (statements that the CDW was not insurance are not misrepresentations because the transaction is one of automobile rental, not insurance); *Hertz Corp. v. Corcoran* (1987), 137 Misc. 2d 403, 405, 520 N.Y.S.2d 700, 701 ("waiver" does not mean "insurance"; to hold otherwise would ignore the plain and ordinary meaning of the words).) In *Davis v. M.L.G. Corp.* (Colo. 1986), 712 P.2d 985, the court specified that "[l]easing a vehicle from a car rental agency creates a bailment contract for the mutual benefit of the parties. [Citations.] The general rule is that the bailee/lessee is liable to the bailor/lessor for any damage to the loaned vehicle caused by the bailee/lessee's fault or negligence. [Citations.] However, the parties are free to alter their common law obligations by contract, provided their agreement does not contravene public policy or violate a statute. [Citations.]" *Davis*, 712 P.2d at 987-88.

The car rental agreement at issue here provides, in pertinent part:

> "*Damage to the car.* If I accept CDW my responsibility for accidental collision or upset damage will only be the amount shown in Box 42 on the other side of this agreement. If I don't accept CDW should the car be damaged beyond repair I'll pay you for all damage to it up to a maximum of the prevailing retail value of the car before it was damaged *** regardless of who is at fault. ***
>
> *Collision Damage Waiver Fee.* *** This is not insurance."

By its express terms the CDW exempted the customer who accepted this option from any exposure for liability for damages to the vehicle beyond the agreement limits. The CDW option clearly was not an agreement to insure. It was instead the lessor's relinquishment of its right to recover from the customer for damages to the rented vehicle.

The Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) was enacted to protect consumers from "[u]nfair methods of competition and unfair or deceptive acts or practices *** in the conduct of any trade or commerce." (Ill. Rev. Stat. 1987, ch. 121½, par. 262.) Plaintiffs contend that Avis violated the Illinois Consumer Fraud and Deceptive Business Practices Act by stating that the CDW was not insurance and by failing to inform customers that their automobile insurance might include coverage similar to the CDW. Since we have found that plaintiffs' first allegation is incorrect, we discuss only the second allegation here.

Plaintiffs contend that Avis had a duty to inform customers that their existing automobile insurance policies, or other coverage such as that offered by the AAA Motor Club (AAA) or credit card companies, may include coverage similar to CDW for vehicles rented by the customer.

■ While the Illinois Consumer Fraud and Deceptive Business Practices Act is to be broadly construed to protect and aid consumers (*American Buyers Club v. Honecker* (1977), 46 Ill. App. 3d 252, 257, 361 N.E.2d 1370, 1374), our agreement with plaintiffs' contention that Avis had such a duty to inform would place an undue burden upon Avis and other automobile leasing companies. Plaintiffs' pleadings provide no factual support for their bald statement that Avis possesses such special knowledge that it should be bound by the duty to inform its customers about the details of their existing insurance or other coverage. In addition, it has long been law in Illinois that an insured has a duty to read and know the contents of his insurance pol-

icy. *Capps v. National Union Fire Insurance Co.* (1925), 318 Ill. 350, 353, 149 N.E. 247, 249; *Floral Consultants, Ltd. v. Hanover Insurance Co.* (1984), 128 Ill. App. 3d 173, 178, 470 N.E.2d 527, 531.

Plaintiffs' contention that Avis had such a duty would also charge Avis with responsibility for advising customers of the meaning of the terms of various insurance policies, AAA coverage, and credit card coverage. This court has held that an insurance company is not responsible for informing customers about coverage available from other insurance companies or credit card companies. (*Fineman v. Citicorp* (1985), 137 Ill. App. 3d 1035, 1042, 485 N.E.2d 591, 595.) We find this rule is clearly applicable here.

For all of these reasons, we conclude that Avis has not violated the Illinois Consumer Fraud and Deceptive Business Practices Act by stating that CDW was not insurance, nor has it done so by failing to inform customers of the possibility that their insurance, AAA membership or credit card might already provide the customer with similar coverage.

■ Plaintiffs also argue that Avis violated the Illinois Uniform Deceptive Trade Practices Act by representing that the CDW had a use or benefit which it did not have (Ill. Rev. Stat. 1987, ch. 121½, par. 312(5)) and that it "engage[d] in *** other conduct which similarly create[d] a likelihood of confusion or of misunderstanding" (Ill. Rev. Stat. 1987, ch. 121½, par. 312(12)).

As already has been shown, the CDW has a very real use or benefit because it transfers liability for damage to the automobile (the bailed property) from the customer (bailee) to the leasing company (bailor). Thus, this argument fails.

It should be noted that the Illinois Uniform Deceptive Trade Practices Act was enacted to prohibit unfair competition and was not intended to be a consumer protection statute. (See Ill. Ann. Stat., ch. 121½, par. 311, Prefatory Illinois Notes, at 241 (Smith-Hurd Supp. 1989).) The acts which the statute means to curtail are "[d]eceptive conduct constituting unreasonable interference with another's promotion and conduct of business." (See Ill. Ann. Stat., ch. 121½, par. 311, Prefatory Note of National Conference of Commissioners on Uniform State Laws, at 243 (Smith-Hurd Supp. 1989).) "Consumer" is not included in the definitions for the Illinois Uniform Deceptive Trade Practices Act as it is in those for the Illinois Consumer Fraud and Deceptive Business Practices Act. Ill. Rev. Stat. 1987, ch. 121½, pars. 311, 261.

Plaintiffs have no basis for bringing suit against Avis under the Illinois Uniform Deceptive Trade Practices Act.

## II. AVIS' ARGUMENT AGAINST PLAINTIFFS

Avis asked the trial court to impose sanctions against plaintiffs under section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) and appeals the trial court's denial of this motion.

Section 2—611 states in pertinent part:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

■ Because section 2—611 is penal in nature, it must be strictly construed (*Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 833, 525 N.E.2d 995, 997), and the moving party bears the burden of proof. (*Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 193, 500 N.E.2d 589, 592.) The trial court's decision should be given great weight and will not be overturned on review unless it is contrary to the great weight of the evidence. (*Mari v. Westinghouse Broadcasting Co.* (1989), 179 Ill. App. 3d 321, 322, 534 N.E.2d 526, 527.) The fact that the plaintiffs do not prevail is not *prima facie* evidence that their complaint was entirely without foundation in the law. *Davis v. Chicago Housing Authority* (1988), 176 Ill. App. 3d 976, 986, 531 N.E.2d 1018, 1025.

It has been held that to support the granting of sanctions, the pleadings must not only be untrue and made without reasonable cause, but must relate to facts and not to conclusions of law. *La Salle National Bank v. Kissane* (1987), 163 Ill. App. 3d 534, 542, 516 N.E.2d 790, 795.

■ In our case the issue posed was the legal effect of the express language of Avis' car rental agreement. Plaintiffs urge the court to interpret contract provisions, and while we have found that plaintiffs do not prevail, it cannot be said that plaintiffs' complaint was not a good-

faith argument for the extension, modification, or reversal of existing law. For these reasons we find the trial court did not err in not imposing sanctions against plaintiffs.

Avis also argues that new Illinois Supreme Court Rule 137, which became effective as this appeal on the issue of sanctions was pending, should apply to this case. (See June 28, 1989, Official Reports Advance Sheet No. 13 (eff. Aug. 1, 1989), 134 Ill. 2d R. 137.) Rule 137 imposes a duty on the pleader and his attorney identical to the duty described in section 2—611, which requires the pleader and his attorney to affirm that to the best of their knowledge and after reasonable inquiry the allegations of the pleading are well grounded in fact and that the action is warranted under existing law or that the pleading is a good-faith argument for extension, modification, or reversal of existing law and is not interposed for any improper purpose. Because we have found no error in the trial court's refusal to impose sanctions under section 2—611, we find no reason to impose sanctions under Rule 137.

For the foregoing reasons, the judgment of the trial court is affirmed both as to the dismissal of the suit and in the denial of sanctions under section 2—611.

Affirmed.

EGAN, P.J., and McNAMARA, J., concur.