**LIONEL TRAINS, INC.,**
**Plaintiff/Counter–**
**Defendant,**

v.

**Frank ALBANO, Defendant/Counter–**
**Plaintiff.**

**No. 92 C 1357.**

United States District Court,
N.D. Illinois,E.D.

Sept. 15, 1993.

Robert R. Benjamin, Sebastian N. Danziger, Benjamin, Berneman & Bruesch, Ltd., Chicago, IL, for plaintiff.

John Robert Hieber, Hieber & Else, Oak Lawn, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Pursuant to Fed.R.Civ.P. 56, Plaintiff/Counter–Defendant Lionel Trains, Inc. ("Lionel") moves for summary judgment on Counts I, III and IV of Defendant/Counter–Plaintiff Frank Albano's ("Albano") counterclaim. In its complaint, Lionel seeks recovery of sums owed by Albano for goods delivered to Albano, d/b/a Choo Choo Works. Albano has brought a four count counterclaim against Lionel for breach of implied contract in Count I, rescission in Count II, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act") in Count III, and violation of the Uniform Deceptive Trade Practices Act in Count IV. As a result of an earlier stipulation of the parties, the Court ordered Count II of the counterclaim withdrawn without leave to replead. On August 27, after Lionel filed its motion for summary judgment, the parties stipulated to the withdrawal of Counts I and IV of the counterclaim leaving only Count III. For the reasons set forth below, the Court will grant Lionel's motion for summary judgment as to Count III of the counterclaim.

### I. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden rests on the moving party to show with the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" the absence of a genuine issue. *Id.* "A party opposing summary judgment cannot rest on the pleadings and must affirmatively set forth facts that show that there is a genuine issue of fact." *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 687 (7th Cir. 1991). Although the evidence and all reasonable inferences are drawn in the nonmovant's favor, the nonmovant must cast more than "some metaphysical doubt" as to the material facts. *LaScola v. US Sprint Communica-*

*tions,* 946 F.2d 559, 563 (7th Cir.1991) (citations omitted).

According to Local Rule 12(M), the moving party also must submit a statement of the material facts which it believes entitle it to summary judgment. Lionel has submitted a proper Rule 12(M) Statement; Albano has failed to file the response specified in Local Rule 12(N). As dictated by Rule 12(N), "all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." *See also Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 518–519 (7th Cir.1992) (upholding strict application of Local Rules 12(M) and 12(N)). Thus, all material facts in Lionel's Rule 12(M) Statement are admitted.

## II. FACTUAL BACKGROUND

The Court finds that the following facts are undisputed. Frank Albano owns and operates Choo Choo Works, a sole proprietorship engaged in the retail sale of model trains by mail and at a store located in Oak Lawn, Illinois. (Lionel Rule 12(M) Statement, ¶¶ 3, 6).[1] Lionel Trains, Inc. is a Michigan corporation which since 1986 has produced model trains under the Lionel name. (*Id.* ¶ 7). Prior to that time a separate company, Fundimensions, produced the Lionel model trains. (*Id.* ¶ 8). Albano began purchasing model trains from Lionel in 1986 and continued to purchase various model trains from Lionel through part of 1991. (*Id.* ¶¶ 9, 14). A portion of Albano's purchases were from a line of trains designated by Lionel in its catalogs as the "Collector Series" or "Collector Line." (*Id.* ¶ 15). Some products were labeled in the catalogs as "limited production" or "limited edition." (Lionel's Answer to Countercl., at 15). Lionel catalogs contain the following statement: "Products depicted in this catalog may change in graphics, features, contents or availability after publication." (Lionel Rule 12(M) Statement, ¶ 21).

At no time did Lionel or its representatives make any oral or written representations to Albano as to the number of items it would produce in any product line. (*Id.* ¶¶ 18, 19). Nor did Lionel or its representatives make any representations to Albano as to gross profit expectations on Lionel model trains. (*Id.* ¶ 23). Albano has failed to pay Lionel $123,795.64 for products he ordered and received from Lionel. (*Id.* ¶ 27).

## III. DISCUSSION

Albano has attempted to allege that Lionel violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act"), 815 ILCS 505/2 (1993), through its advertising, specifically the use of the terms "Collector Series," "Collector Line," "limited production," or "limited availability." As a preliminary matter, Albano's response to Lionel's motion fails to comply with Local Rule 12(N) which results in the material facts in Lionel's Rule 12(M) Statement being admitted by Albano. Albano also fails to respond to Lionel's motion with any affidavit or supporting documentation. Instead, Albano relies on restatements of his primary allegations and points to no evidence or documentation to support his claims. Albano incorrectly argues that the statements of contested facts in the pre-trial memoranda of the parties warrant a denial of Lionel's motion.

To succeed on a claim for violation of the Act,[2] Albano must plead and prove 1) a deceptive act or practice, 2) intent on defendant's part that plaintiff rely on the deception, and 3) that the deception occurred in

---

1. The Court finds Lionel's Rule 12(M) Statement properly supported, however, for convenience in citation, the Court's references to Lionel's Local Rule 12(M) Statement shall omit reference to the supporting documents noted therein.

2. The Act provides:
   Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
   815 ILCS 505/2 (1993).

the course of conduct involving trade or commerce. *Elipas Enterprises, Inc. v. Silverstein,* 243 Ill.App.3d 230, 183 Ill.Dec. 752, 754, 612 N.E.2d 9, 11 (1993). In addition, Albano must prove he justifiably or reasonably relied on the deception with resulting damages. *Id.* 183 Ill.Dec. at 757, 612 N.E.2d at 12; *Duran v. Leslie Oldsmobile, Inc.,* 229 Ill.App.3d 1032, 171 Ill.Dec. 835, 842, 594 N.E.2d 1355, 1362 (1992). *But see Zinser v. Rose,* 245 Ill.App.3d 881, 185 Ill.Dec. 574, 579, 614 N.E.2d 1259, 1264 (1993) (rejecting *Elipas* to the extent it requires reliance). Albano must prove a violation of the Act by clear and convincing evidence. *Lidecker v. Kendall College,* 194 Ill.App.3d 309, 141 Ill. Dec. 75, 77, 550 N.E.2d 1121, 1123 (1990).

One can reduce Albano's claim to the contention that when Lionel used the terms "limited edition" or "limited production" and "Collector" that he reasonably believed that such terms meant supply would be strictly controlled in such manner that demand would exceed supply. (*See* Countercl., ¶¶ 3, 6–9). As a result, prices would increase and dealers like Albano would make a corresponding profit. (*Id.*) It appears that Albano has no admissible proof that would support this construction of the terms. In contrast, Lionel has compiled substantial evidence in support of its motion.

Lionel contends that no genuine issue of fact exists as to any element of Albano's claim. Lionel argues that Albano can show no representations as to production quantities or as to profit guarantees. Instead, Lionel points to the explicit language in its catalogs that availability of products could change and Albano's own admissions that no one at Lionel made any such representations. The Court agrees and finds that Lionel made no affirmative representations to Albano which could support his claim.

■ In the absence of affirmative representations Albano contends that Lionel intentionally failed to disclose production figures and did not limit production. Albano asserts that this failure resulted in a concealment or suppression of a material fact in violation of the Act. Lionel responds that no such duty to disclose exists under the Act and that none should exist.

Illinois courts have found that "[i]n order to prove fraud by the intentional concealment of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." *Lidecker,* 141 Ill.Dec. at 80, 550 N.E.2d at 1126; *see also Popp v. Cash Station, Inc.,* 244 Ill.App.3d 87, 184 Ill.Dec. 558, 563, 613 N.E.2d 1150, 1155 (1992) (refusing to impose duty on automatic banking machine operator to inform customers that no security systems are provided); *Chabraja v. Avis Rent A Car System,* 192 Ill.App.3d 1074, 140 Ill.Dec. 221, 224, 549 N.E.2d 872, 875 (1989) (declining to require car rental agency to inform customers of the terms of the customer's insurance), *appeal denied,* 131 Ill.2d 558, 142 Ill.Dec. 880, 553 N.E.2d 394 (1990). Albano and Lionel have no special or fiduciary relationship that would give rise to a duty on Lionel's part to inform Albano of production figures. This Court finds no reason to impose such a duty on Lionel.

■ Finally, the Court notes that Albano also alleged that Lionel transgressed the Act through conduct which allegedly violates the Uniform Deceptive Trade Practices Act ("DTPA") which is incorporated by reference into the Act. Lionel asserts that the provisions noted by Albano do not apply here. Albano quoted the following sections of the DTPA in Count III of the Counterclaim.

Sec. 2. A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

. . . . ;

(9) advertises goods or services with intent not to sell them as advertised;

. . . . ;

(12) engages in any other conduct which is similarly likely to create a likelihood of confusion or of misunderstanding.

815 ILCS 510/2 (1993). Lionel properly contends that section 2(9) and the unquoted section 2(10) are directed at "bait and switch" advertising, not the type of conduct alleged here. *See Disc Jockey Referral Network, Ltd.,* 230 Ill.App.3d 908, 172 Ill.Dec. 725, 730, 596 N.E.2d 4, 9, *appeal denied,* 146 Ill.2d 625, 176 Ill.Dec. 796, 602 N.E.2d 450

(1992). Section 2(12) adds little to the language of the Act standing alone. Albano again has simply failed to produce facts to create a genuine issue of fact which would merit a trial.

The Illinois courts have recognized that despite the need for liberal interpretation, the Act "should not be used to turn nondeceptive and nonfraudulent statements or omissions into actionable affirmations." *Harkala v. Wildwood Realty, Inc.*, 200 Ill. App.3d 447, 146 Ill.Dec. 232, 236, 558 N.E.2d 195, 199 (1990). With this in mind, the Court finds as a matter of law that the use of the terms "Collector," or "limited" without more does not constitute a violation of the Act and is not a deceptive practice. Moreover, when considered in light of the cautionary language contained in the Lionel catalogs and the dearth of support for Albano's claims, the Court is convinced that no genuine issue of material fact exists.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff/Counter–Defendant Lionel's motion for summary judgment on Count III of Albano's Counterclaim is granted.