35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LIONEL TRAINS, INC., Plaintiff/Counter-Defendant-Appellee,
v.
Frank ALBANO, individually and doing business as Choo Choo
Works, Defendant/Counter-Plaintiff-Appellant.
 No. 93-3580.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Frank Albano appeals from the district court's grant of summary judgment to plaintiff Lionel Trains, Inc. ("Lionel") on Albano's counterclaim against Lionel and from the district court's entry of judgment in favor of Lionel and against Albano in the amount of $123,795.62 plus interest and costs in this diversity action. We affirm.
 
 I.
 
 2
 Lionel filed a statement of uncontested material facts with its motion for summary judgment on Albano's counterclaim in compliance with Local Rule 12(m) of the United States District Court for the Northern District of Illinois. Under Local Rule 12(n), Albano was required to file a response to Lionel's Rule 12(m) statement including, "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon...." Albano failed to file a response as required by Local Rule 12(n). Under Local Rule 12(n), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." The district court applied Local Rule 12(n) and held the facts in Lionel's Rule 12(m) statement to be admitted by Albano. 831 F.Supp. 647, 649 (N.D.Ill.1993). The district court's strict application of Local Rule 12(n) was proper. Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 567-68 (7th Cir.1992); Schulz v. Serfilco, Ltd., 965 F.2d 516, 519 (7th Cir.1992); Appley v. West, 929 F.2d 1176, 1179-80 (7th Cir.1991). The following facts are taken from Lionel's Rule 12(m) statement and from Lionel's answer to Albano's counterclaim.
 
 
 3
 Albano is an Illinois businessman who owns and operates Choo Choo Works, a sole proprietorship and a retail seller of model trains by mail and at a store located in Oak Lawn, Illinois. Lionel is a Michigan corporation which has manufactured and sold Lionel model trains since 1986. Albano purchased model trains from Lionel from 1986 through part of 1991 through written purchase orders accepted by Lionel. Albano's purchases included a line of model trains designated by Lionel as the "Collector Series" or "Collector Line" in its catalogs. Lionel used the word "Limited" synonymously with "Collector Series" and "Collector Line" in these catalogs. The catalogs sent by Lionel to Albano expressly stated, "Products depicted in this catalog may change in graphics, features, contents, or availability after publication." Neither Lionel nor any of its representatives made any representation to Albano at any time concerning Lionel's production level of any product or concerning Albano's expected gross profits on the sales of Lionel's products. Albano has refused to pay Lionel $123,795.64, excluding interest, for products which Albano ordered and accepted from Lionel.
 
 
 4
 Lionel filed this complaint in the district court for breach of contract. Albano's counterclaim, which was removed from the Circuit Court of Cook County, Illinois, contained four counts, three of which were withdrawn through stipulation of the parties. The remaining count, Count III, alleges that Lionel violated section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"), 815 ILCS 505/2. The district court granted Lionel's motion for summary judgment on this count, 831 F.Supp. 647, 651 (N.D.Ill.1993), and subsequently entered judgment in favor of Lionel and against Albano in the amount of $123,795.62 plus interest and costs.[1] Albano now appeals.
 
 II.
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir.1994). Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 In order to establish a violation of section 2 of the Act,[2] Albano must plead and prove: "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." Siegel v. Levy Org. Dev. Co., Inc., 607 N.E.2d 194, 198 (Ill.1992); accord Elipas Enterprises, Inc. v. Silverstein, 612 N.E.2d 9, 11-12 (Ill.App.Ct. 1st Dist.1993); Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co., 557 N.E.2d 246, 249 (Ill.App.Ct. 1st Dist.1990). Albano has failed to establish any deceptive act or practice on the part of Lionel.
 
 
 7
 Albano contends that Lionel's use of the words "limited edition," "limited production," "Collector Series," and "Collector Line" to describe the products in its catalogs falsely represented that these products were being produced in limited quantity, which was less than the quantity Lionel reasonably expected to be in demand, in such a manner that the profits of retail sellers such as Albano would be artificially increased. This assertion is unsupported by any evidence in the record. The undisputed material facts establish that no representations were made to Albano at any time concerning Lionel's production levels or Albano's expected profits. The catalogs sent by Lionel to Albano expressly stated that the products depicted therein could change in "availability after publication." Lionel's use of the words "limited" and "collector" in its catalogs, without more, did not misrepresent any material fact and therefore did not violate section 2 of the Act.[3]
 
 
 8
 Albano also contends that, in the absence of an affirmative misrepresentation, Lionel concealed a material fact in violation of the Act by failing to disclose production figures and failing to limit production. "In order to prove fraud by the intentional concealment of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." Lidecker v. Kendall College, 550 N.E.2d 1121, 1126 (Ill.App.Ct. 1st Dist.1990). There was no special or fiduciary relationship between Lionel and Albano which would have required Lionel to disclose its production figures to Albano.
 
 
 9
 Albano's final argument[4] is that Lionel violated subsections 9 and 12 of section 2 of the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS Sec. 510/2, which is incorporated by reference into the Act.[5] The district court granted summary judgment to Lionel on the ground that subsections 9 and 10 are directed at "bait and switch" advertising, which was not the type of conduct alleged here, and because subsection 12 "adds little to the language of the Act standing alone." 831 F.Supp. 647, 650-51 (N.D.Ill.1993). Albano concedes that this case does not involve "bait and switch" advertising but contends that under People ex rel. Hartigan v. Knecht Services, Inc., 575 N.E.2d 1378, 1387 (Ill.App.Ct.2d Dist.1991), these subsections are not limited to "bait and switch" advertising. Although Albano is correct that the Illinois appellate court in Hartigan applied subsections 7, 9, and 12 of section 2 of the UDTPA in a context other than "bait and switch" advertising, the court held that an advertisement is deceptive on its face under the UDTPA "if it creates the likelihood of deception or has the capacity to deceive." Hartigan, 575 N.E.2d at 1387. The court further stated that "[i]n affirmative misrepresentation or omission cases under the Act, a plaintiff must allege the misrepresentation of a material fact." Id. For the reasons stated earlier, the undisputed material facts establish that Lionel's advertising did not create a likelihood of deception, and Lionel made no misrepresentation of any material fact to Albano.[6]
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 There is no explanation in the record for the discrepancy of $.02 between the amount of the judgment entered by the district court against Albano and the price of the products which Albano has refused to pay Lionel
 
 
 [2]
 Section 2 of the Act provides in relevant part:
 Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act, ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby."
 
 
 [815]
 ILCS 505/2
 
 
 [3]
 Albano correctly points out that the district court erroneously held that "Albano must prove he justifiably or reasonably relied on the deception with resulting damages." 831 F.Supp. 647, 650 (N.D.Ill.1993). In Siegel v. Levy Org. Dev. Co., Inc., 607 N.E.2d 194, 198 (Ill.1992), the Supreme Court of Illinois held that "the Act does not require actual reliance." The district court's error is immaterial to the outcome of this case, however, because the undisputed material facts establish that Lionel engaged in no deceptive act or practice
 Albano also contends that the district court erroneously required him to prove a violation of the Act by clear and convincing evidence rather than by a preponderance of the evidence. Compare Lidecker v. Kendall College, 550 N.E.2d 1121, 1124 (Ill.App.Ct. 1st Dist.1990) (requiring plaintiffs to prove common law fraud "by clear and convincing evidence") with Hoke v. Beck, 587 N.E.2d 4, 8 (Ill.App.Ct.3d Dist.1992) (noting that the Act "should be liberally construed to effect its purposes," and stating that "the question of which standard of proof applies has not been raised before on appeal."). We need not resolve this issue, however, because Albano has failed to prove a violation of the Act by even a preponderance of the evidence. "As a federal court whose jurisdiction is based on diversity of citizenship, we are particularly hesitant to decide unsettled questions of state law unnecessarily." Graphic Sales, Inc. v. Sperry Univac Div., Sperry Corp., 824 F.2d 576, 581 (7th Cir.1987).
 
 
 [4]
 This claim is found in Count IV of Albano's counterclaim. Although the district court's opinion describes Count IV of the counterclaim as withdrawn through the stipulation of the parties, the district court granted summary judgment to Lionel on the merits of this claim. 831 F.Supp. 647, 648, 650-51 (N.D.Ill.1993). Both Albano and Lionel have addressed the merits of the claim in their appellate briefs. We therefore conclude that the claim is properly before the court
 
 
 [5]
 Section 2 of the Uniform Deceptive Trade Practices Act provides in relevant part:
 A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
 (9) advertises goods or services with intent not to sell them as advertised; ...
 (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.
 
 
 [815]
 ILCS 510/2
 
 
 [6]
 Given our disposition in this case, Albano's motion for certification of a question to the Supreme Court of Illinois pursuant to Circuit Rule 52 is DENIED